## Commonwealth v. Wrobleski

*Anthony Miley,* for defendant.

KUHN, *J.,* October 2, 1995—The issue before the court is whether defendant is eligible for participation in the Intermediate Punishment Program, IPP.

The relevant history is set forth. On February 25, 1985, defendant entered a plea of guilty to burglary (section 3502(a) of the Crimes Code) as a felony of the first degree. The building entered was a church. He was placed on 23 months probation. On May 27, 1986, a bench warrant was issued for defendant's arrest for his failure to appear at a Gagnon I hearing. Defendant was arrested pursuant to that warrant on September 16, 1994. On August 2, 1995, defendant's probation was revoked and he was resentenced to imprisonment of 6-23 months effective July 12, 1995.

Pursuant to Act 201 of 1990, the legislature adopted provisions establishing intermediate punishment to take effect on July 1, 1991. Under the eligibility standards set forth in the Act, 42 Pa.C.S. §9729(c)(2), one is not eligible for IPP if convicted of burglary under section 3502, if graded as a felony of the first degree. (Section 3502(c)(1).)

At first glance it would appear that defendant is not eligible for IPP. However, Act 201 also amended the gradation of burglary to be a felony of the second degree if the building is not adapted for overnight accommodation and if no one was present at the time of entry. Therefore, if defendant had committed the same crime after July 1, 1991, he would have been convicted of a second degree felony burglary and would be clearly eligible for IPP. The query is whether IPP eligibility in this case should be determined by the gradation of the offense on defendant's record or by considering what the gradation would have been at the time he

was resentenced. The precedental value of this opinion is minimal because the undersigned can't imagine this scenario arising very often. However, significant liberty issues are at stake. Under Adams County's IPP criteria, defendant would be eligible for alternatives to incarceration after having served one half of his minimum sentence. Eligibility does not mean one is automatically entered into the program.

The purpose of IPP is to reduce prison overcrowding by placing certain nonviolent offenders in programs designed to facilitate rehabilitation. Eligibility seems to be concerned more with the type of criminal act perpetrated by the offender rather than the gradation of the crime. The legislature determined that the type of conduct committed by defendant is not, despite its distasteful character, the type which would make him ineligible for IPP. We, therefore, find him to be eligible.

Lest one concludes that defendant has benefited by absconding for over eight years, be mindful that (1) defendant retains a first degree felony on his record, (2) defendant's probation was revoked and a sentence which included incarceration was imposed, and (3) we have only ruled on the issue of eligibility. Whether this victory for defendant is pyrrhic awaits recommendation and approval for defendant's actual participation in IPP.

Accordingly, the attached order is entered.

## ORDER

And now, October 2, 1995, in consideration of defendant's petition filed August 22, 1995, the court holds that he is generally eligible for the Intermediate Punishment Program.